IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK DESAN | : | CIVIL ACTION |
| v. | : | |
| RAYMOND M. LAWLER, et al. | : | No. 09-3648 |

**MEMORANDUM**

J. WILLIAM DITTER, JR., Sr. J.                                                          May 24, 2011

Presently before this court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Frank Desan, the response thereto and Desan's reply. Desan, who is currently incarcerated in the State Correctional Institution in Huntingdon, Pennsylvania, challenges his incarceration for possession of a controlled substance with intent to deliver and acquisition of a controlled substance by fraud. For the reasons that follow, the petition will be denied.

**FACTS AND PROCEDURAL HISTORY:**

On August 10, 2004, Desan was arrested on drug related charges.[1] On January 25,

---

[1]The Superior Court summarized the facts leading to Desan's arrest as follows:

> On August 10, 2004, Officer Warren Bannister of the Southeastern Pennsylvania Transportation Authority (SEPTA) Police Department, while on routine patrol in SEPTA's 69th Street Terminal, observed Desan in a men's room stall injecting something into his right arm. Desan was sitting in a stall in the men's room with the door ajar, so Bannister could observe Desan and what he was doing from outside the stall without moving the door. Officer Bannister testified that when he stopped Desan outside the men's room he seemed "confused and disoriented," his pupils were dilated and he "couldn't seem to answer any of my questions." Officer Bannister decided to arrest Desan for disorderly conduct and asked for identification.

2005, Desan filed a motion to suppress the evidence seized during the course of his arrest. After a hearing held on February 2, 2005, the suppression court denied Desan's motion. On October 5, 2006, a jury in the Court of Common Pleas of Delaware County found Desan guilty of possession of a controlled substance with intent to deliver ("PWID") and acquisition of a controlled substance by fraud.[2] Desan was sentenced to three (3) to six (6) years of imprisonment for his PWID conviction and a consecutive term of one (1) to two (2) years of imprisonment followed by two (2) years of probation for the acquisition of a controlled substance by fraud conviction.

Desan filed a direct appeal arguing that the trial court erred in denying his motion to suppress the evidence obtained during the course of his arrest. The Pennsylvania Superior Court affirmed the judgment of sentence on February 4, 2008. Commonwealth v. Desan, No. 65 EDA 2007 (Pa. Super. Feb. 4, 2008) (unpublished memorandum). The Pennsylvania Supreme Court denied Desan's petition for allowance of appeal on August 6, 2008. Commonwealth v. Desan, No. 146 MAL 2008 (Pa. Aug. 6, 2008).

---

> A search of Desan's backpack yielded 24 packets of heroin with a total weight of .65 grams, 16 packets of cocaine with a total weight of 4.6 grams, 65 pills containing codeine, a tablet of oxycodone, 6 tablets containing Alprazolam, and 37 tablets containing Lorazepam, all controlled substances. The backpack also contained syringes and needles.

Commonwealth v. Desan, No. 65 EDA 2007, at 1-2 (Pa. Super. Feb. 4, 2008) (unpublished memorandum).

[2]Desan had originally entered a negotiated guilty plea on February 3, 2005; however, after filing a collateral appeal, Desan was allowed to withdraw his plea and proceed with a jury trial.

Desan filed this petition for a federal writ of habeas corpus on July 28, 2009,[3] claiming that his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest. Respondents have filed an answer to Desan's habeas petition asserting that Desan is not entitled to federal habeas relief because his claim is non-cognizable and meritless. Desan has filed a reply thereto.

**DISCUSSION:**

    A.    **Standard of Review**

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

---

[3]Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Desan signed his original habeas petition on July 28, 2009; therefore, I will assume that he presented his petition to prison authorities on that date.

3

B.   **Fourth Amendment Claim**

Desan argues that the trial court violated his Fourth Amendment right to be free of unreasonable searches and seizures because it failed to suppress evidence seized after the arresting officer searched him without reasonable cause. Desan's Fourth Amendment claim is governed by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976), which states:

> [W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

Id., 428 U.S. at 494 (footnotes omitted); see also Cardwell v. Taylor, 461 U.S. 571 (1983) (per curiam) (consideration of a claim that evidence admitted at trial was the fruit of an illegal arrest could not be considered on a habeas corpus petition as long as the state courts had afforded a full and fair opportunity to litigate that claim). The Supreme Court noted that the exclusionary rule "is not a personal constitutional right," and that the rule is not designed to redress the injury to a privacy interest that results from a Fourth Amendment violation. Id. at 486. "The Court reasoned that the incremental benefit in deterring illegal police conduct by applying the exclusionary rule in a habeas proceeding did not outweigh the cost to society of excluding relevant, reliable evidence in a criminal prosecution." Gilmore v. Marks, 799 F.2d 51, 54-55 (3d Cir. 1986), cert. denied, 479 U.S. 1041 (1987). "Even otherwise potentially meritorious Fourth Amendment claims are

4

barred on habeas when the petitioner had a full and fair opportunity to litigate them." Deputy, 19 F.3d at 1491 (citing Gilmore, 799 F.2d at 57 (rejecting argument that erroneous determination of habeas petitioner's Fourth Amendment claim overcomes Stone because that claim is really for a due process violation)).

Desan does not claim that he was denied an opportunity to present and argue his Fourth Amendment claim. Indeed, he had a full and fair hearing on his motion to suppress during a pre-trial hearing conducted on February 2, 2005. (N.T. 2/2/05, at 4-5, 12-53). Moreover, both the Superior Court and Pennsylvania Supreme Court considered his claim on direct appeal.[4] Thus, I conclude that Desan had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. Accordingly, Stone v. Powell, supra, bars consideration of this claim.[5]

## **CONCLUSION:**

After close and objective review of the arguments and evidence, I conclude that

---

[4] In rejecting this claim, the Superior Court determined that Desan's search was reasonable because "Officer Bannister was in a public place and was able to observe Desan by simply walking past the stall Desan occupied; he did not have to open the door further or make any additional effort of any kind." Commonwealth v. Desan, No. 65 EDA 2007, at 3 (Pa. Super. Feb. 4, 2008) (unpublished). As such, the court concluded, "Desan had no expectation of privacy because an unrelated person had unfettered access to the area where his actions were observed." Id. at 4.

[5] Desan contends that "newly discovered evidence" in his case reveals that the arresting officer's affidavit of probable cause "contradicts" statements made during that officer's cross-examination. Desan makes this bald allegation without any evidence in support thereof and fails to state why the alleged information is "new evidence." See generally Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 n.12, 300-03 (3d Cir. 1991) (petitioner is not entitled to relief based on bald conclusions and conclusory allegations). As a result, this argument is dismissed as frivolous.

Desan's petition for writ of habeas corpus is meritless. Accordingly, Desan's petition will be denied.

Similarly, because Desan's claims are both legally and factually meritless, there is no need to conduct an evidentiary hearing, as it would not change the outcome of this matter. See 28 U.S.C. § 2254(e)(2); see also Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("an evidentiary hearing is not required on issues that can be resolved by reference to the state court record") (citations omitted).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK DESAN | : | CIVIL ACTION |
| v. | : | |
| RAYMOND M. LAWLER, et al. | : | No. 09-3648 |

**O R D E R**

AND NOW, this 24th day of May, 2011, upon consideration of the Petition for Writ of Habeas Corpus, the response thereto, and petitioner's reply, it is hereby **ORDERED** that for the reasons set forth above, the Petition is **DENIED WITH PREJUDICE AND WITHOUT A HEARING.**

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued pursuant to 28 U.S.C. § 2253 because petitioner has failed to make a substantial showing of denial of a constitutional right.

The Clerk of Court is hereby directed to mark this case closed.

BY THE COURT:

/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., Sr. J.